JAC ZAUBER, RESPONDENT, v. WENDEL A. VAN WAGONER AND MARTIN J. DALY, CO-PARTNERS TRADING AS VAN CRULLER COMPANY, APPELLANT.

BESS ZAUBER, RESPONDENT, v. WENDEL A. VAN WAGONER AND MARTIN J. DALY, CO-PARTNERS TRADING AS VAN CRULLER COMPANY, APPELLANT.

Submitted January term, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Pilgrim & Ritger.*

For the respondent, *I. Henry Coyne.*

PER CURIAM.

These two cases were tried together and resulted in judgments in favor of the plaintiffs. The defendant appeals, contending that there was no proof of negligence in the defendant, that the proofs exhibited negligence on the part of the driver of the car in which the plaintiffs were riding, and that there should have been findings for the defendant.

A pleasure automobile with a commercial license owned by Jac Zauber was proceeding south on Grove street in Montclair, and collided with the truck of the defendant going east on Bloomfield avenue. Grove street, under that name, runs as far as Bloomfield avenue and below is called Elm street.

The testimony of Zauber was that when he reached Bloomfield avenue at one o'clock in the morning, he stopped his car, looked both ways and saw no vehicle. He then proceeded to cross, putting his car in first gear and then in second, and that as he had about reached the far side of Bloomfield avenue his car was struck in the center by the truck of the defendant. The defendant offered no proofs.

On the facts a case was established on which a finding in favor of the plaintiffs could be justified. The driver of the plaintiff's car does not appear to have done anything that he should not have done, or omitted to do anything that he should have done, and it is inferrable that the defendant's truck was either running without lights, or was proceeding at such a rate of speed that it covered an unreasonable distance between the time of the plaintiff's observation and the time of the collision, either of which facts would be proof of negligence.

The judgments in both cases are affirmed.